LOUIS PETER COSTABILE, petitioner-appellant,

*v.*

LOUISA COSTABILE, defendant-respondent.

[Submitted February 13th, 1942. Decided April 23d, 1942.]

*Messrs. Parnell & Krueger,* for the appellant.

*Messrs. Goldberg & Goldberg,* for the respondent.

PER CURIAM.

This is an appeal from a decree of the Court of Chancery dismissing the appellant's petition for divorce on the ground of desertion. The case is purely one of fact. The parties were married in 1937 and separated in 1939, the husband says in February and the wife says in March. There are two children, one born six or seven months after the separation.

The wife says that the husband abused her on many occasions. Both say that on the night of the separation the police were called to the house. Her version is that, while walking home from the motion picture show, an argument occurred concerning her desire to purchase clothing. He slapped her in the face and she ran away. He ran after her and upon her refusal to go home with him, he promised not to "lay a hand on you." When they got home "he closed the door, pulled down the shade, took his coat off and didn't give me a chance to take off my coat, and started punching me until I was so dizzy I didn't know what I was doing." She left the house and ran crying and screaming to her mother's home where she borrowed five cents and telephoned

for the police. She met the police on the street, went to the home and took her child away with her, since which time they have lived apart. Her mother corroborates her hysterical condition on the occasion.

The husband testified that on the occasion in question, on the way home from the theatre, the wife would not walk with him because he had dirty working clothes .on. To avoid argument he took the baby and went on ahead. The wife did not arrive home at once but later came with two officers who asked why he had hit his wife, which he denied doing. The wife took the child away. Appellant says he asked his wife to return to him on many occasions but she refused. Appellant's father says he spoke to her about returning to her husband but she would not return, saying that "she wanted to be free."

On the other hand, the respondent testified that she made overtures which were refused. Furthermore she testified to having had sexual intercourse with appellant many times, as often as two or three times a week, during the period of separation, and fixes the last occasion as within a month of the time of the filing of the petition. These occurrences, she testified, took place in appellant's car, both in a garage and when parked at a secluded spot near Port Newark. Her mother testified to seeing the appellant and respondent together in his automobile during the period of separation. The appellant denies all this.

The evidence is in direct conflict. It is largely a matter of credibility, and the advisory master, after questioning the respondent closely, concluded that she was telling the truth. The burden was on the appellant to establish all the elements of his case. A careful review of the evidence leaves no doubt that the required degree of proof was lacking to establish a willful and obstinate desertion of petitioner by the defendant.

The decree under review is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.